**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN NEKIC, LIQUIDATING TRUSTEE FOR MEDICAL TRAINING GROUP, LLC<br><br>Plaintiffs,<br><br>- against –<br><br>STANLEY FURST, MEDIXHEALTH, LLC, MEDSURG, & WESTSURG,<br><br>Defendants. | Case 2:20-cv-02157-KSH-CLW<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendants Stanley Furst, Medixhealth LLC, Medsurg, and Westsurg ("Defendants"), by and through his attorneys, Smith + Schwartzstein LLC, hereby responds to the Plaintiff's Complaint as follows:

**PARTIES**

1. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

6. Defendants deny that Westsurg is a fictitious entity. The remaining allegations in this paragraph are admitted.

7. Denied.

8. Denied.

9. Defendants lack sufficient information to admit or deny Plaintiff's reasoning for naming or not naming parties in his lawsuits. Defendants further lack sufficient information to admit or deny the similarity between the action in Ohio and that here. The remaining allegations in this paragraph are admitted.

## JURISDICTION AND VENUE

10. This paragraph seeks a legal conclusion to which no answer is necessary. To the extent an answer is necessary, denied.

11. This paragraph seeks a legal conclusion to which no answer is necessary. To the extent an answer is necessary, denied.

## BACKGROUND

12. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiff to his proofs. To the extent an answer is required, denied.

13. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

14. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

15. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

16. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

17. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

18. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

19. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

20. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

21. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

22. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

23. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

24. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

25. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

## **THE FRAUD**

26. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

27. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. Namely, Defendants do not know which checks

are being referred to, or from where they allegedly came. To the extent an answer is required, denied.

28. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

29. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

30. This paragraph refers to documents which speak for themselves. To the extent this paragraph is inconsistent with those documents, denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## THE AFTERMATH

35. Defendants deny Lucas admitted to any scheme in which Defendants were culpable. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

36. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

37. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

**WHEREFORE**, Defendants demands Judgment in their favor and against Plaintiffs, dismissing the Complaint in its entirety and with prejudice, together with costs and attorneys' fees.

## COUNT ONE
## CONVERSION – NEW JERSEY LAW

39. Defendants repeat and reallege the answers above as if fully set forth herein.

40. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**WHEREFORE**, Defendants demands Judgment in their favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, together with costs and attorneys' fees.

## COUNT TWO
## TORTIOUS INTERFERENCE – NEW JERSEY LAW

46. Defendants repeat and reallege the answers above as if fully set forth herein.

47. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

48. Defendants lack sufficient information to admit or deny the allegations in this paragraph and leaves Plaintiffs to their proofs. To the extent an answer is required, denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**WHEREFORE**, Defendants demands Judgment in their favor and against Plaintiffs, dismissing the Complaint in its entirety and with prejudice, together with costs and attorneys' fees.

## COUNT THREE
## COMMON LAW FRAUD – NEW JERSEY LAW

54. Defendants repeat and reallege the answers above as if fully set forth herein.

55. Denied.

56. Defendants deny that Westsurg and Medsurg are fictitious entities. The remaining allegations in this paragraph are admitted.

57. Denied.

58. Denied.

59. This paragraph refers to documents which speak for themselves. To the extent this paragraph is inconsistent with those documents, denied.

60. This paragraph refers to documents which speak for themselves. To the extent this paragraph is inconsistent with those documents, denied.

61. This paragraph refers to documents which speak for themselves. To the extent this paragraph is inconsistent with those documents, denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

**WHEREFORE,** Defendants demands Judgment in their favor and against Plaintiffs, dismissing the Complaint in its entirety and with prejudice, together with costs and attorneys' fees.

## COUNT FOUR
## CIVIL CONSPIRACY – NEW JERSEY LAW

66. Defendants repeat and reallege the answers above as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**WHEREFORE**, Defendants demands Judgment in their favor and against Plaintiffs, dismissing the Complaint in its entirety and with prejudice, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiffs' claims fail to state a claim upon which relief can be granted.

### *SECOND AFFIRMATIVE DEFENSE*

Defendants acted in good faith and without any wrongful intent.

### *THIRD AFFIRMATIVE DEFENSE*

The wrongdoing alleged in the Complaint, even if true, was done by third parties over whom Defendants had no control.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiffs' Complaint is barred due to wrongful conduct of the Plaintiffs.

### *FIFTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred by reason of their unclean hands.

### *SIXTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred by the doctrine of laches.

### *SEVENTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims must be dismissed by reason of their waiver of rights.

### *EIGHTH AFFIRMATIVE DEFENSE*

The relief sought by Plaintiffs is contrary to public policy.

### *NINTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims must be dismissed by reason of their failure to mitigate damages.

### *TENTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims fail because they failed to make a proper demand.

### *ELEVENTH AFFIRMATIVE DEFENSE*

The Complaint fails, in whole or in part, because Plaintiffs' claims are brought in bad faith and/or are brought for an improper purpose.

### *TWELFTH AFFIRMATIVE DEFENSE*

The Complaint may be barred by reason of the Statute of Limitations or other applicable rules, statutes or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### *THIRTEENTH SEPARATE DEFENSE*

Plaintiffs sustained no damages as a result of any alleged wrongful act committed by Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of promissory estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of ratification and/or acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint was commenced solely for the purposes of harassment, delay and malicious injury to Defendants in violation of N.J.S.A. 2A:15-59.1 and Defendants reserve the right to move for the imposition of sanctions and fees at the appropriate juncture.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for fraud are barred because they have failed to plead their cause of action with particularity in accordance with R. 4:5-8(a).

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants have breached no duty owed to Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants deny any wrongdoing whatsoever.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

At no time material hereto did the Defendants engage in misleading business practices.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Without admission, even if there was fraud here, Defendants were not aware of it, and did not knowingly take part in any fraudulent scheme.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of the occurrences which form the basis for Plaintiffs' Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, or limited by the terms of the Statue of Frauds.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants were not agents of Lucas Furst.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Stanley Furst, in his individual capacity, was not a party to any contract or transaction with Plaintiffs and is therefore improperly named as a defendant. The allegations in the Complaint, in whole or in part, do not apply to Stanley Furst in his individual capacity, and the Complaint therefore fails to state a claim upon which relief may be obtained as against Stanley Furst.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Stanley Furst are barred, in whole or in part, because there is no privity of contract between Plaintiffs and Stanley Furst in his individual capacity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff John Nekic's claims against Defendants are barred, in whole or in part, because there is no privity of contract between Plaintiff John Nekic and Defendants.

### *THIRTIETH AFFIRMATIVE DEFENSE*

The Complaint is frivolous, and in accordance with New Jersey Statute and Rule, Defendants reserve the right to seek costs and fees incident to same in accordance with N.J.S.A. 2A:59-15.1 and Rule 1:4-8.

Defendants reserve the right to add additional affirmative defenses if warranted upon further particularization of the claims by Plaintiffs, or upon discovery of further information concerning the defenses of the Defendants.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint in its entirety and with prejudice, together with costs and attorney's fees.

### **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues.

### **DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Andrew B. Smith, Esq., is hereby designated as trial counsel in the within matter for Defendants.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

Pursuant to Rule 4:5-1, I certify that to my knowledge and based upon the information available to me at this office, the matter in controversy is not the subject of an action pending in any court or in any other arbitration proceeding. Pursuant to Rule 4:5-1(b)(3), I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: June 1, 2020

               Respectfully submitted,

               By: s/ *Andrew B. Smith*
                 Andrew B. Smith, Esq.
                 Smith + Schwartzstein LLC
                 4 Chatham Road, Suite 1
                 Summit, NJ 07901
                 Phone: 973-206-1725 / Fax: 973-794-2589
                 Email: andrew@sslawfirmllc.com